UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL DONALD WATKINS, an individual,<br><br>           Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., and DOES 1 through 10,<br><br>           Defendants. | Case No.: 3:20-cv-00717-L-MSB<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND [Doc. no. 4]** |

   Pending before the Court is Defendant Dollar Tree Stores, Inc.'s motion to dismiss Plaintiff's complaint. Plaintiff opposed the motion and Defendant replied. The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1(d.1). For the reasons stated below, Defendant's motion is granted with leave to amend.

   Plaintiff alleges he broke his back on Defendant's premises when Defendant's shopping cart malfunctioned and steered him into a steel dumpster. He filed a complaint in State court, alleging a single cause of action for negligence. Defendant removed the action to this Court based on diversity jurisdiction.

   Defendant moves to dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing Plaintiff's claim is barred by California's two-year statute of limitations for

personal injury actions. A motion under Rule 12(b)(6) tests the sufficiency of the complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).[1] Dismissal is warranted where the complaint lacks a cognizable legal theory. *Shroyer v. New Cingular Wireless Serv., Inc.*, 622 F.3d 1035, 1041 (9th Cir. 2010). Alternatively, a complaint may be dismissed where it presents a cognizable legal theory yet fails to plead essential facts under that theory. *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).

A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In reviewing a Rule 12(b)(6) motion, the Court must assume the truth of all factual allegations and construe them most favorably to the nonmoving party. *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 997, 999 n.3 (9th Cir. 2006). However, legal conclusions need not be taken as true merely because they are couched as factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Similarly, "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. Fed. Deposit Ins. Corp.*, 139 F.3d 696, 699 (9th Cir. 1998). When ruling on a motion to dismiss, the Court may consider the facts alleged in the complaint, documents attached to the complaint, and documents relied upon but not attached to the complaint when authenticity is not contested. *Lee v. City of Los Angeles*, 250 F.3d 668, 688-89 (9th Cir. 2001).

A claim may be dismissed under Rule 12(b)(6) on the ground that it is barred by the statute of limitations only when "the running of the statute is apparent on the face of the complaint." *Huynh*, 465 F.3d at 997.

A federal court sitting in diversity must generally apply the law of the forum state regarding whether an action is barred by the statute of limitations. *Guaranty Trust Co. of New York v. York*, 326 U.S. 99, 110 (1945). Under California law, personal injury

---

[1] Unless otherwise noted, internal quotation marks, ellipses, brackets, citations, and footnotes are omitted from quotations.

actions are subject to a two-year limitation. Cal. Civ. Proc. Code § 335.1. A lawsuit is timely if it is filed on the anniversary of the date the cause of action accrued. *Patterson v. Stewart*, 251 F.3d 1243 (9th Cir. 2001).

Plaintiff alleges the incident occurred and he suffered his injury on February 12, 2018. (Compl. at 2.) He does not dispute that his claim accrued on that date. His complaint, however, bears a file stamp showing it was filed on February 13, 2020 at 12:00:00 a.m. (*Id*. at 1.) Accordingly, it appears on the face of the complaint that it was filed a day late.

Plaintiff argues the complaint was timely because it was transmitted for electronic filing on February 12, 2020. (Doc. no. 6 ("Mot.") at 2). Nevertheless, the file stamp shows that the complaint was filed at midnight the following day. The Superior Court alerted filers of this possibility:

> The Court's filing deadline is 11:59:59 p.m. (Pacific Time) on court days. The electronic transmission of a document to the Court can take time, so waiting until shortly before the deadline to electronically transmit a filing is not advised, as it could be received by the court after 11:59:59 p.m. and deemed filed the next court day.

(Doc. no. 5, Def.'s Ex. B, General Order No. 010120-22 of the Presiding Department of the Superior Court of the State of California, County of San Diego at 8.)[2] Because the complaint was filed on February 13, 2020, it was filed after the running of the statute of limitations.

Alternatively, Plaintiff seeks leave to amend the complaint to allege tolling of the statute of limitations based on mental disability. *See Patterson*, 251 F.3d at 1243; Cal. Civ. Proc. Code § 352 (allowing tolling of statute of limitations for personal injury in circumstances of mental disability). Defendant counters that Plaintiff's tolling theory is

---

[2]   The document is not paginated; accordingly, the referenced page number is as assigned by this Court's electronic case filing system.

contradicted by the original complaint because the original complaint does not reference a mental disability.

"When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980). On its face, the original complaint does not contradict Plaintiff's tolling theory. It merely does not plead mental disability or otherwise attempt to plead around the statute of limitations. This is not surprising. As a general proposition, a plaintiff is not required to plead around potential affirmative defenses. *See Durnford v. MusclePharm Corp.*, 907 F.3d 595, 604 n.8 (9th Cir. 2018)). Furthermore, as is apparent from the record, the statute of limitations bar is not apparent from the allegations but only from the file stamp, which was affixed just after midnight rather than just before. Given this circumstance, Plaintiff had no reason to allege tolling in the original complaint.

Plaintiff wishes to amend the complaint to allege tolling based on his mental condition. Rule 15 advises leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2); *see Schreiber Distrib. Co. v. Serv-Well Furniture Co., Inc.*, 806 F.2d 1393, 1401 (9th Cir. 1986). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003).

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. – the leave sought should, as the rules require, be freely given.

*Foman v. Davis*, 371 U.S. 178, 182 (1962). Dismissal with prejudice and without leave to amend is not appropriate unless it is clear on that the complaint could not be saved by amendment. *Eminence*, 316 F.3d at 1052.

/ / / / /

Defendant argues Plaintiff's request should be denied as untimely, futile and asserted in bad faith. The Court disagrees.

First, Plaintiff's timeliness argument is rejected because Plaintiff is not trying to amend as of right under Rule 15(a)(1) but seeks leave of court under Rule 15(a)(2). The time limits imposed by Rule 15(a)(1) are therefore inapplicable.

Second, the futility argument is rejected because Plaintiff seeks to allege facts which could support tolling for mental incapacity. Cal. Civ. Proc. Code § 352(a) ("lacking the legal capacity to make decisions"); *see also Feeley v. S. Pac. Transp. Co.*, 234 Cal. App. 3d 949, 952-53 (1991). The proposed amended complaint alleges Plaintiff was hospitalized after he broke his back on Defendant's premises. He was heavily medicated and unable to communicate for weeks after the injury. (First Am. Compl. at 3., attached to Decl. of Sallie A. Blackman.) Defendant also contends that amendment is futile because Plaintiff's tolling theory is unsupported by proof. However, "plaintiffs are generally not expected to provide evidence in support of their claims at the pleading stage." *Durnford*, 907 F.3d at 604 n.8.

Finally, Defendant argues Plaintiff's request is in bad faith because Plaintiff knew the facts underlying his tolling theory when he filed the original complaint. This argument is rejected for the reasons stated above, addressing Defendant's contention that the proposed amended complaint contradicts the original complaint.

For foregoing reasons, Defendant's motion to dismiss is granted with leave to amend. No later than December 23, 2020, Plaintiff shall file his amended complaint, if any.

**IT IS SO ORDERED.**

Dated: December 16, 2020

Hon. M. James Lorenz
United States District Judge