UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL DONALD WATKINS,<br><br>                              Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., et al.,<br><br>                              Defendants. | Case No.: 3:20-cv-717-L-MSB<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REOPEN CASE AND FOR AN EXTENSION OF TIME TO FILE AN AMENDED COMPLAINT (DOC. NOS. 10 AND 11)** |

Pending before the Court is Plaintiff's motion to reopen the case and for an extension of time to file an amended complaint. (Doc. Nos. 10-11). Defendant filed an opposition. (Doc. No. 14). Plaintiff replied. (Doc. No. 15). The Court decides the matter on the papers submitted and without oral argument. *See* Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

On December 16, 2020, the Court granted Defendant's motion to dismiss with leave to amend. (Doc. No. 9). Plaintiff had until December 23, 2020 to amend his complaint. *Id*. Plaintiff did not do so. (*See* Docket). The case remained closed. *Id*.

On January 15, 2021, Plaintiff filed a motion to reopen the case and for an extension of time to file an amended complaint under Federal Rules of Civil Procedure 6(b) and 60(b), arguing his counsel's failure to timely file an amended complaint was due

to excusable neglect. (Doc. Nos. 10-11). Defendant argues the neglect is not excusable. (Doc. No. 14).

"The determination of whether neglect is excusable is an equitable one that depends on at least four factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith." *Laurino v. Syringa Gen. Hosp.*, 279 F.3d 750, 753 (9th Cir. 2002) (internal quotation marks and citation omitted); *see Pioneer Investment Services Company v. Brunswick Associates*, 507 U.S. 380, 395 (1993); *Pincay v. Andrews*, 389 F.3d 853, 855-856 (9th Cir. 2004) (en banc).[1] No single factor is determinative. *Briones v. Riviera Hotel & Casino*, 116 F.3d 379, 382 n.2 (9th Cir. 1997). The Court will address each factor.

**Prejudice to Defendant**

Defendant argues it will be "grossly prejudiced" if the Court grants Plaintiff's motion. (Doc. No. 14 at 6). Its argument rests on the need to defend against Plaintiff's claim - if the Court allows him to file an amended complaint.[2] *Id.* But the need to defend against a claim - and the costs associated with it - is the prejudice all defendants encounter in civil lawsuits. It has nothing to do with Plaintiff's failure to timely file the amended complaint. The Court therefore rejects that argument. *See Ahanchian v. Xenon Pictures, Inc.*, 624 F.3d 1253, 1262 (9th Cir. 2010) ("at most, [the defendant] would have won a quick but unmerited victory, the loss of which we do not consider prejudicial."); *Bateman v U.S. Postal Serv.*, 231 F.3d 1220, 1225 (9th Cir. 2000) (loss of a quick victory

---

[1] The test for whether neglect is excusable under Rule 6(b)(1)(B) is the same as under Rule 60(b)(1). *Comm. for Idaho's High Desert, Inc. v. Yost*, 92 F.3d 814, 825 n.4 (9th Cir. 1996); *Speiser, Krause & Madole P.C. v. Ortiz*, 271 F.3d 884, 888 (9th Cir. 2001).
[2] In ruling on the motion to dismiss, the Court determined leave was justified under Federal Rule of Civil Procedure 15(a), rejecting Defendant's futility argument. (*See* Doc. No. 9 at 5).

and the need to reschedule a trial date were insufficient prejudice to justify denying relief).

Defendant does not, for instance, argue there are lost witnesses, lapses of memories, or difficulties locating evidence. *See, e.g., Lal v. Cal.*, 610 F.3d 518, 527 (9th Cir. 2010) (insufficient prejudice to warrant denying relief from judgment where there was a wealth of evidence, including numerous witness statements, tape recorded statements, and written transcripts of statements). Defendant also does not present evidence to support its prejudice argument (*i.e.*, a declaration from counsel explaining how their client will be prejudiced). (*See* Doc. No. 14). This case is in its early stage. Defendant will not suffer any significant prejudice. Overall, this factor weighs in Plaintiff's favor.

**Length of the Delay and Its Potential Impact on the Proceedings**

Plaintiff filed the motion to reopen the case on January 15, 2021 - 23 days after the Court's deadline to file an amended complaint. (*See* Doc. No. 9 at 5). That delay is short in the context of civil lawsuits.[3]

Defendant also does not present an argument as to its potential (or actual) impact on the case. *Id*. There is nothing in the record to suggest the delay impacted the case - other than delay it for a mere 23 days. This case is at an early stage, and the Court has not yet issued a scheduling order or set any litigation deadlines. The proceedings in this case will not be significantly impacted by Plaintiff's delay in filing his amended complaint. This factor weighs in Plaintiff's favor. *Bateman*, 231 F.3d at 1225 (granting relief in a case where there was a month-long delay).

---

[3] Defendant relies on a purported 30-day delay to support its argument. (Doc. No. 14 at 7). That time is based on the date the Court granted the motion to dismiss, December 16, 2020. *Id*. The Court does not consider the time up until the December 23, 2020 deadline as part of the delay. Regardless, a 30-day delay is also minimal.

**Reason for the Delay**

Plaintiff's reason for the delay is that his counsel failed to successfully update their email address in the CM/ECF system - which impacted their ability to receive notice of the Court's order. (Doc. Nos. 10-11).

The local rules and procedures require counsel to keep their email address updated on the docket and CM/ECF system. *See* Civ. L. R. 83.3(e) ("if the attorney has . . . [an] email address on file and, if any of the information changes, the attorney must promptly notify the Court."); ECF Administrative Policies and Procedures, Section 1(f) ("an attorney whose e-mail address . . . has changed must update the information through the PACER website and file a timely notification of the changes.")[4]

The email address Plaintiff's counsel used for this case was hacked or otherwise compromised.[5] (*See* Doc. Nos. 10-11). Around the time Plaintiff filed his opposition to Defendant's motion to dismiss, his counsel sought to update the email address in the CM/ECF system. (*See* Doc. No. 18, Declaration at 4). They accessed their CM/ECF account to update the email address associated with it and were thereafter under the mistaken assumption the update was successful. (*Id.*; Doc. No. 10, Exhibit A (Declaration of Sallie Blackman) at 3). Plaintiff's counsel successfully updated the email address for other courts, including the U.S. Bankruptcy Court for the Southern District of California, and received notices in those cases. (Doc. No. 18, Declaration at 4-5).

The reason is not great. But it is at least understandable.[6] The Ninth Circuit has also found neglect to be excusable in worse situations. *See Bateman*, 231 F.3d at 1223-

---

[4] Defendant did not cite these rules in support of its opposition. (*See* Doc. No. 14).
[5] Plaintiff's counsel did not use the other email address linked to their CM/ECF account. (*See* Doc. No. 18, Declaration at 2-3).
[6] Defendant's reply brief was due over 10 days *after* Plaintiff attempted to update their email address. (*See* Doc. No. 8). Arguably, they should have been put on notice of the error given they would not have received notice of the reply to their new email address. *See* Civ. L. R. 7.1. But a reply brief is not required. *Id*. And this is only one factor in the excusable neglect analysis. *Briones*, 116 F.3d at 382 n.2.

25 (reason for delay was travel, jet lag, and the time it took to sort through mail); *Pincay*, 389 F.3d at 858-60 (affirming a district court's grant of a motion for extension of time to file, although a paralegal's mistake in misreading a rule and calendaring incorrect filing deadlines was "egregious" and "one of the least compelling excuses that can be offered.") This factor does not weigh in favor of denying the motion.

**Good Faith**

"The good faith consideration goes to the absence of tactical or strategic motives, not to the degree of negligence." *Pincay*, 389 F.3d at 861 (Berzon, M., concurring).

The failure to timely file an amended complaint was due to neglect. There is nothing in the record to suggest Plaintiff (or his counsel) acted in bad faith. They did not engage in some willful act meant to secure an advantage over Defendant. *See Bateman*, 231 F.3d at 1225 (finding counsel's "errors resulted from negligence and carelessness, not from deviousness or willfulness"); *Ahanchian*, 624 F.3d at 1262 (finding counsel's "reliance on the calendaring mistake was not a bad-faith, post-hoc rationalization concocted to secure additional time.") It is notable that Plaintiff drafted the amended complaint prior to the Court's deadline. (*See* Doc. No. 6). The delay did nothing more than postpone the case and risk his ability to prosecute it.

Plaintiff also filed his motion the day after discovering the mistake and reviewing the Court's order. (Doc. No. 10, Exhibit A (Declaration of Sallie Blackman) at 3). This factor weighs in Plaintiff's favor.

///
///
///
///
///
///
///
///

In conclusion, after considering the above factors, the Court finds Plaintiff met his burden.  The neglect was excusable and good cause exists.  The Court therefore **GRANTS** the motion.[7]  Plaintiff has until **April 29, 2021** to file his amended complaint.  Defendant has until the time set forth under Fed. R. Civ. P. 15(a) to file a response - if any - to the amended complaint.

**IT IS SO ORDERED.**

Dated:  April 23, 2021

_____
Hon. M. James Lorenz
United States District Judge

---

[7] This decision furthers the strong interest in deciding cases on the merits.  *See Ahanchian*, 624 F.3d at 1259.