UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL DONALD WATKINS,<br><br>                                    Plaintiff,<br><br>v.<br><br>DOLLAR TREE INC., et al.,<br><br>                                    Defendants. | Case No.:  20cv717-L(MSB)<br><br>**ORDER GRANTING JOINT MOTION TO CONTINUE EARLY NEUTRAL EVALUATION CONFERENCE AND RELATED DEADLINES [ECF NO. 27]** |

On June 1, 2021, the parties filed a "Joint Motion to Continue Early Neutral Evaluation Conference." (ECF No. 27.) They ask the Court to continue the Early Neutral Evaluation Conference ("ENE") currently scheduled for June 23, 2021, at 1:30 p.m. by two months. (Id. at 2.) In support, the parties state that "beyond th[e] information plead" in Plaintiff's First Amended Complaint, "Defendant is unaware of the full nature and extent of Plaintiff's injuries and the facts and circumstances relative to the occurrence of the incident, and requires discovery on these issues to obtain a clearer picture of same in order to evaluate the claim for settlement purposes." (Id.) They further contend that "Defendant is unable to evaluate both liability issues and [P]laintiff's claimed injuries, as same remain unknown[,]" and the parties are therefore

"not yet able to meaningfully participate and discuss settlement at the June 23, 2021 ENE." (Id. at 3.)

Having considered the parties' joint motion and finding good cause, the Court **GRANTS** the motion. Accordingly, the Court **CONTINUES** the ENE, as well as the Case Management Conference ("CMC"), currently scheduled for June 23, 2021, at 1:30 p.m., until **August 25, 2021**, at **9:30 a.m.** The Court further issues the following **ORDERS**:

The ENE will be hosted through the Court's ZoomGov account. All discussions at the ENE Conference will be informal, off the record, privileged, and confidential. Counsel for any non-English speaking party is responsible for arranging for the appearance of an interpreter at the conference. The following rules and deadlines apply:

    **1.**     **Personal Appearance of Parties Required**: All named parties, party representatives, including claims adjusters for insured defendants, as well as the principal attorney(s) responsible for the litigation, must participate in the video conference, and be legally and factually prepared to discuss and resolve the case. Counsel appearing without their clients (whether or not counsel has been given settlement authority) will be cause for immediate imposition of sanctions and may also result in the immediate termination of the conference.

    **2.**     **Full Settlement Authority Required**: A party or party representative with full settlement authority[1] must be present at the conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the party

---

[1] "Full settlement authority" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co. v. Joseph Oat Corp., 871 F.2d 648, 653 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Int'l, Inc., 216 F.R.D. 481, 485–86 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference contemplates that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. See Nick v. Morgan's Foods, Inc., 270 F.3d 590, 595–97 (8th Cir. 2001).

representative who has the authority to negotiate and enter into a settlement.

      **3.**    **Confidential ENE Statements Required**: No later than **August 18, 2021**, the parties shall submit directly to Magistrate Judge Berg's chambers (via hand delivery or by e-mail to the Court at efile_berg@casd.uscourts.gov), confidential settlement statements. The ENE statement is limited to **five (5) pages or less, and up to five (5) pages of exhibits or declarations.** Each party's ENE statement must outline (1) the nature of the case and the claims, (2) position on liability or defense, (3) position regarding settlement of the case with a **specific demand/offer for settlement**, and (4) any previous settlement negotiations or mediation efforts.

If a specific demand or offer cannot be made at the time the ENE statement is submitted, then the reasons as to why a demand or offer cannot be made must be stated. Further, the party must explain when they will be in a position to state a demand or offer. General statements such as a party will "negotiate in good faith" is <u>not</u> a specific demand or offer. The ENE statement should be submitted confidentially and need not be shared with other parties.

      **4.**    The Court will use its official Zoom video conferencing account to hold the ENE. **IF YOU ARE UNFAMILIAR WITH ZOOM:** Zoom is available on computers through a download on the Zoom website (https://zoom.us/meetings) or on mobile devices through the installation of a free app.[2] Joining a Zoom conference does not require creating a Zoom account, but it does require downloading the .exe file (if using a computer) or the app (if using a mobile device). Participants are encouraged to create an account, install Zoom, and familiarize themselves with Zoom in advance of the ENE.[3] There is a cost-free option for creating a Zoom account.

---

[2] If possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance.

[3] For help getting started with Zoom, visit: https://support.zoom.us/hc/en-us/categories/200101697-Getting-Started.

5. Prior to the start of the ENE, the Court will e-mail each ENE participant an invitation to join a Zoom video conference. Again, if possible, participants are encouraged to use laptops or desktop computers for the video conference, as mobile devices often offer inferior performance. Participants shall join the video conference by following the ZoomGov Meeting hyperlink in the invitation. **Participants who do not have Zoom already installed on their device when they click on the ZoomGov Meeting hyperlink will be prompted to download and install Zoom before proceeding**. Zoom may then prompt participants to enter the password included in the invitation. All participants will be placed in a waiting room until the ENE begins.

6. Each participant should plan to join the Zoom video conference **at least five minutes before** the start of the ENE to ensure that the ENE begins promptly at **9:30 a.m. The Zoom e-mail invitation may indicate an earlier start time, but the ENE will begin at the Court-scheduled time.**

7. Zoom's functionalities will allow the Court to conduct the ENE as it ordinarily would conduct an in-person ENE. That is, the Court will begin the ENE with all participants joined together in a main session. After an initial discussion in the main session, the Court will divide participants into separate, confidential sessions, which Zoom calls Breakout Rooms.[4] In a Breakout Room, the Court will be able to communicate with participants from a single party in confidence. Breakout Rooms will also allow parties and counsel to communicate confidentially without the Court.

8. No later than **August 18, 2021**, counsel for each party shall send an e-mail to the Court at efile_berg@casd.uscourts.gov containing the following:

   a. The **name and title of each participant**, including all parties and party representatives with full settlement authority, claims adjusters for insured defendants, and the primary attorney(s) responsible for the litigation;

---

[4] For more information on what to expect when participating in a Zoom Breakout Room, visit: https://support.zoom.us/hc/en-us/articles/115005769646.

    b. An **e-mail address for each participant** to receive the Zoom video conference invitation; and

    c. A **telephone number where each participant** may be reached so that if technical difficulties arise, the Court will be able to proceed telephonically instead of by video conference.  (If counsel prefers all participants of their party on a single conference call, counsel may provide a conference number and appropriate call-in information, including an access code, where all counsel and parties or party representatives for that side may be reached as an alternative to providing individual telephone numbers for each participant.)

 **9.** All participants shall display the same level of professionalism during the ENE and be prepared to devote their full attention to the ENE as if they were attending in person.  Because Zoom may quickly deplete the battery of a participant's device, each participant should ensure that their device is plugged in or that a charging cable is readily available during the video conference.

 **10.** **New Parties Must be Notified by Plaintiff or Plaintiff's Counsel**:  Plaintiff's counsel shall give notice of the ENE to parties responding to the complaint after the date of this notice.

 **11.** **Requests to Continue an ENE Conference**:  Local Rule 16.1(c) requires that an ENE take place within forty-five (45) days of the filing of the first answer.  Requests to continue ENEs are rarely granted.  An ENE may be rescheduled only upon a showing of good cause and adequate notice to the Court.  **Absent good cause, requests for continuances will not be considered unless submitted <u>in writing</u> no fewer than seven (7) calendar days prior to the scheduled conference**.

///
///
///
///
///

**12.** **Case Management Conference**: If the case does not settle during the ENE, the Court will conduct a CMC at the conclusion of the ENE.

**IT IS SO ORDERED**.

Dated: June 1, 2021

Honorable Michael S. Berg
United States Magistrate Judge