UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JILL DONALD WATKINS,<br><br>         Plaintiff,<br><br>v.<br><br>DOLLAR TREE STORES, INC., et al.,<br><br>         Defendants. | Case No.: 3:20-cv-717-L-MSB<br><br>**ORDER ON MOTION FOR SUMMARY JUDGMENT** |

  Pending before the Court is Defendant's motion for summary judgment. Plaintiff opposed, and Defendant replied. The Court decides the matter on the papers submitted and without oral argument.[1] Civ. L. R. 7.1. For the reasons stated below, the Court **GRANTS** the motion.

**Factual Background**

  On January 10, 2018, Plaintiff allegedly fell and sustained injuries on Defendant's premises when a shopping cart tipped over. Plaintiff asserts a negligence claim against

---

[1] Based on the assertion in Plaintiff's opposition that he was mentally incapacitated when this action was filed, the Court issued an order to show cause as to why it should not appoint a guardian ad litem. The parties responded. The Court finds there is no need to appoint a guardian ad litem or issue any other order. Fed. R. Civ. P. 17. The record, including the responses, demonstrates Plaintiff is able to communicate with others about his needs or desires. Plaintiff also retained counsel in this matter. The Court therefore discharges the order to show cause.

1

Defendant. The circumstances surrounding the incident and any liability are not at issue in Defendant's summary judgment motion. Instead, Defendant argues Plaintiff's claim is time-barred.

**Legal Standard**

Summary judgment is appropriate where the record, taken in the light most favorable to the nonmoving party, indicates "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-324 (1986).

To meet their burden, the moving party must present evidence that negates an essential element of the opposing party's case or show that the opposing party does not have evidence necessary to support its case. *Celotex*, 477 U.S. at 322-23; *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1105-06 (9th Cir. 2000).

If the moving party meets this burden, the nonmoving party must support their opposition by producing evidence in support of the claim. *Celotex Corp.*, 477 U.S. at 324; *Nissan Fire & Marine Ins.*, 210 F.3d at 1103. They cannot defeat summary judgment merely by demonstrating "that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986); *see also Triton Energy Corp. v. Square D Co.*, 68 F.3d 1216, 1221 (9th Cir. 1995) ("the mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient.")

Facts are material when, under the substantive law, they could affect the outcome. *Anderson*, 477 U.S. at 248. Disputes about material facts are genuine if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* "Judgment as a matter of law is appropriate when the evidence presented at trial permits only one reasonable conclusion." *Torres v. City of Los Angeles*, 548 F.3d 1197, 1205 (9th Cir. 2008).

When ruling on summary judgment motions, courts must view all reasonable inferences from the underlying facts in the light most favorable to the nonmoving party. *Matsushita*, 475 U.S. at 587. Courts do not make credibility determinations or weigh evidence. *Anderson*, 477 U.S. at 255.

The court "may limit its review to the documents submitted for the purpose of summary judgment and those parts of the record specifically referenced therein." *Carmen v. San Francisco Unified Sch. Dist.*, 237 F.3d 1026, 1030 (9th Cir. 2001). That is, courts are not required "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allen*, 91 F.3d 1275, 1279 (9th Cir. 1996).

**Discussion**

There is no dispute the incident occurred on January 10, 2018. There is also no dispute the statute of limitations for Plaintiff's claim is two years. *See* Cal. Code Civ. P. 335.1. Plaintiff initiated this action on February 13, 2020, over 30 days after the two-year mark. Plaintiff asserts, based on his alleged incapacity, the claims were tolled under California Code of Civil Procedure 352(a). The issue is therefore whether Plaintiff was incapacitated when his claims accrued (*i.e.*, when the injury happened) and for the next 34 days.

Plaintiff bears the burden of establishing tolling. *See, e.g., Hinton v. NMI Pac. Enters.*, 5 F.3d 391, 395 (9th Cir. 1993) ("the burden of alleging facts which would give rise to tolling falls upon the plaintiff.")

Under section 352(a), incapacity must exist at the time the claims accrue, and tolling lasts only until they regain capacity. *Feeley v. S. Pac. Transp. Co.*, 234 Cal. App. 3d 949, 952 (1991); *see, e.g., Cabrera v. City of Huntington Park*, 159 F.3d 374, 378-79 (9th Cir. 1998) ("the statute of limitations begins to run immediately after a disability period ends.")

The inquiry is whether Plaintiff was "incapable of caring for his property or transacting business or understanding the nature or effects of his acts." *Alcott Rehab. Hosp. v. Superior Court*, 93 Cal. App. 4th 94, 101 (2001). Stated differently, "the basic

question . . . is whether [Plaintiff was] sufficiently aware of the nature or effects of his acts to be able to comprehend such business transactions as the hiring of an attorney and the instigation of a legal action." *Hsu v. Mt. Zion Hosp.*, 259 Cal. App. 2d 562, 575 (1968). Even "a person who is adjudged mentally ill [for commitment purposes] may nevertheless be capable of transacting business and carrying out [their] affairs, either during occasional lucid intervals or throughout [their] hospitalization." *Id*. at 573.

Defendant submitted evidence demonstrating Plaintiff was alert and able to communicate his needs, desires, or thoughts about personal matters, during the 34-day period. During a medical appointment on February 5, 2018, Plaintiff was noted as alert, scored 15 (normal score) on Glasgow Coma Scale (used to describe impaired consciousness), and oriented to conversation. (Defendant's Exhibit E at 4 and 7). Around that time, Plaintiff also expressed concerns about his housing. Specifically, the need to move into a 1-bedroom apartment that would cost less than his 3-bedroom apartment. (*Id*. at 14). Plaintiff similarly talked to his wife (or partner) about moving into a smaller apartment. (Defendant's Exhibit F at 6). Furthermore, since the incident, Plaintiff was able to communicate what he wanted, including medical treatment and basic needs, to others. (*Id*. at 13).

To support tolling, Plaintiff relies on several impairments. Mainly, Plaintiff was unable to handle day-to-day activities without assistance from others, including using the restroom, showering, shaving, paying bills, taking medicine, and other basic daily needs. Plaintiff also relies on his unintelligible or impaired speech, need for a wheelchair, and depression. But these impairments did not prevent Plaintiff from being aware of the nature or effects of his acts or caring for his property. Again, Plaintiff was able to communicate his needs or desires and obtain assistance from others. Plaintiff also does not focus on the relevant period.

The record, as well as Plaintiff's arguments in his opposition, demonstrate the impairments he relies on to support tolling were present prior to when the incident occurred and have continued throughout this litigation. But, prior to the incident here,

Plaintiff - without a guardian ad litem - commenced a civil action and litigated it until 2019, when he executed a settlement. (Defendant's Exhibit F at 18). Plaintiff similarly retained counsel to initiate and litigate this action. This all happened even though Plaintiff needed assistance with day-to-day functions and had impaired speech. That is, the above impairments did not result in the incapacity required under section 352(a). This further refutes the application of tolling. *Hsu*, 259 Cal. App. 2d at 575 (the issue is whether the individual was "able to comprehend such business transactions as the hiring of an attorney and the instigation of a legal action."); *Estate of Stern v. Tuscan Retreat, Inc.*, 725 F. App'x 518, 522 (9th Cir. 2018) (plaintiff's ability to file a lawsuit in the plaintiff's own name constitutes evidence that that individual possessed capacity at that time.); *Weinberg v. Valeant Pharm. N. Am., LLC*, 765 F. App'x 328, 329 (9th Cir. 2019) (plaintiff's negotiation and decision-making established he was not "incapable of caring for his property or transacting business, or understanding the nature or effects of his acts."); *Tatum v. Schwartz*, 405 F. App'x 169, 171 (9th Cir. 2010) (no section 352 tolling where plaintiff filed workers' compensation claim, was deemed by a psychiatrist to be alert and oriented with normal affect, wrote a letter stating their desire to return to work, and hired legal counsel); *Quan v. SmithKline Beecham Corp.*, 149 Fed. Appx. 668, 670 (9th Cir. 2005) ("the facts that plaintiff hired a lawyer and filed a separate employment discrimination action was a matter of undisputed public record . . . plaintiff's ability to attend to such matters demonstrated that he was not insane within the meaning of [Section 352(a)]").

  Overall, viewing the record in the light most favorable to Plaintiff and drawing all reasonable inferences in his favor, the undisputed evidence demonstrates there is no triable issue as to whether Plaintiff was incapacitated during the period at-issue, for the purposes of section 352(a). *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). Plaintiff also cannot rely on "vague, conclusory, and speculative [statements] to create a triable issue." *Angle v. Miller*, 673 F.3d 1122, 1134 (9th Cir. 2012). The Court therefore **GRANTS** Defendant's summary judgment motion.

**Conclusion**

For the reasons stated above, the Court **GRANTS** Defendant's summary judgment motion. The Clerk is instructed to enter judgment consistent with this order.

**IT IS SO ORDERED**.

Dated: September 6, 2022

Hon. M. James Lorenz
United States District Judge